**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| EDUCATIONAL CREDIT : <br> MANAGEMENT CORPORTATION, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> COLQUITT FLORISTS AND GIFTS, INC.,: <br> : <br> Defendant : <br> : | 1:05-CV-068 (WLS) |

**ORDER**

  Before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc. 5). Plaintiff, a guaranty agency under the Federal Family Education Loan Program ("FFELP"), 20 U.S.C. §§ 1071, et. seq., brought the instant action against Defendant pursuant to 20 U.S.C. § 1095a, 34 C.F.R. §628.410(b)(9). Taken together 20 U.S.C. § 1095a and 34 C.F.R. §628.410(b)(9) give guaranty agencies, such as Plaintiff, the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to ten percent (10%) of said borrowers' disposable incomes. The statutes also permit guaranty agencies to sue employers who do not deduct and pay over as directed in a withholding order. *See* 20 U.S.C. § 1095a, 34 C.F.R. §628.410(b)(9) (2005).

  In this case, Plaintiffs have alleged that Defendant is the employer of Stephanie Holt, a borrower who owes a student loan debt to Plaintiff that is in default. (Docs. 1, 5). Plaintiff served Ms. Holt with the required thirty-day Notice Prior to Wage Withholding on November 24, 2004. (Doc. 1, Exh. A). Plaintiff served Defendant an Order of Withholding from Earnings on December 29, 2004. (Doc. 1, Exh. B). No representative of Defendant contacted Plaintiff regarding the withholding order, and Defendant did not remit any of Plaintiff's wages in accordance therewith. Thereafter, Plaintiff sent Defendant a subsequent notice on February 4, 2005. (Doc. 1, Exh. C). On April 6, 2005, Plaintiff sent Defendant a demand letter requesting further compliance with the withholding order. (Doc. 1, Exh. D).

Defendant, at all relevant times, failed to comply with the withholding order. Therefore, Plaintiff filed its Complaint against Defendant with waiver of summons on May 24, 2005. (Doc. 1). Defendant returned an executed waiver of summons, which was filed on June 17, 2005. (Doc. 2). As of the September 1, 2005, Defendants had neither filed an answer or responsive pleading, nor had one been served upon Plaintiff's counsel by Defendant or its counsel. Therefore, the Clerk of Court, pursuant to Fed. R. Civ. P. 55(a) entered default as to Defendant the same day. As of the date of the instant motion, September 6, 2005, Plaintiff alleges to have incurred attorney's fees in the amount of $1,395.00 and costs in the amount of $260.01. (Doc. 5, Exh. A).

Plaintiff, consistent with its request in the Complaint, moves pursuant to Fed. R. Civ. P. 55(b) for: 1) damages in the amount that Defendant should have withheld from Borrower Stefanie Holt's wages, which is ten percent (10%) of Borrower's disposable income; 2) pre- and post-judgment interest on this amount, as allowed by law; 3) an injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to Plaintiff until Borrower's defaulted student loan debt is either paid in full or she no longer works for Defendant; 4) reasonable attorneys' fees and costs; and 5) such other relief as the Court deems appropriate. (Doc. 5).

Rule 55(b)(2) permits:

> [T]he party entitled to a judgment [to] apply to the court therefore...If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings...as it deems necessary and proper... Fed. R. Civ. P. 55(b)(2).

The Court notes, however, that an entry of default neither operates as a default judgment nor requires the Court to enter a default judgment. *See* Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1530 (11th Cir. 1985); Sony Music Entertainment v. Global Arts Productions, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (*quoting* Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D.P.R. 1974)). A determination regarding entry of judgment is made independently of that regarding entry of default. *See* Fed. R. Civ. P. 55, 58. In determining

whether or not to enter a default judgment, a Court may consider among other factors:

> (1) the amount in controversy; (2) whether material issues of fact or issues of substantial public importance exist; (3) whether the default is largely technical or substantive in nature; (4) whether the plaintiff has been substantially prejudiced by the delay involved; (5) whether the grounds for default are clearly established or are in doubt; (6) how harsh an effect a default might have; or (7) whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2685 at 32-36 (3d ed. 1998).

While the Court may enter a default judgment without a hearing, where non-mathematical factors are relevant to its determination, the Court may conduct a hearing to assist it in its determination on the issue. The Court finds it necessary and proper in the instant case to conduct a hearing to enable the Court to properly enter a default judgment. Accordingly, counsel for the parties and Defendant are **ORDERED** to appear before this Court at C.B. King United States Courthouse, 201 W. Broad Ave., Albany, GA on **Wednesday, January 25, 2006 at 3:00 P.M.** for a hearing on the instant motion.

**SO ORDERED**, this   6th   day of January, 2006.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**