**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORTATION, | : : : | |
| Plaintiff | : : | |
| v. | : : | 1:05-CV-068 (WLS) |
| COLQUITT FLORISTS AND GIFTS, INC., | : : | |
| Defendant | : : | |

**ORDER**

Before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc. 5). Plaintiff, a guaranty agency under the Federal Family Education Loan Program ("FFELP"), 20 U.S.C. §§ 1071, et. seq., brought the instant action against Defendant, as employer of Stephanie Holt, a borrower who owes a student loan debt to Plaintiff that is in default, pursuant to 20 U.S.C. § 1095a, 34 C.F.R. § 628.410(b)(9). Taken together 20 U.S.C. § 1095a and 34 C.F.R. § 628.410(b)(9) give guaranty agencies, such as Plaintiff, the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to ten percent (10%) of said borrowers' disposable incomes. The statutes also permit guaranty agencies to sue employers who do not deduct and pay over as directed in a withholding order. *See* 20 U.S.C. § 1095a, 34 C.F.R. § 628.410(b)(9) (2005).

Upon review of Plaintiff's Motion, the Court, in its January 6, 2006 Order, found that Plaintiff had properly complied with the requirements of 20 U.S.C. § 1095a, 34 C.F.R. § 628.410(b)(9)(2005). (Doc. 6). Accordingly, the Court found that the Clerk properly entered default as to Defendant pursuant to Fed. R. Civ. P. 55(a). *Id*. Upon review of Plaintiff's Motion, the Court found it necessary and proper to conduct a hearing to enable the Court to properly enter a default judgment. *Id*. Accordingly, counsel for the parties and Defendant were ordered to appear before the Court on Wednesday, January 25, 2006 at 3:00 P.M for a hearing on

1

the instant motion.  *Id.*

Neither counsel for the parties nor the Defendant appeared before the Court as ordered on January 25, 2006.  Furthermore, as of the date of this Order, neither counsel for the parties nor Defendant has communicated with the Court either as to their respective failures to appear or otherwise respecting the instant motion.  *See* Docket *generally*.  "Unless a case falls within the limited category of cases described in Rule 55(b)(1), a party must follow the procedure outlined in Rule 55(b)(2) for obtaining a default judgment." Cargill, Inc. v. Cohen, 115 F.R.D. 259, 260 (M.D. Ga. 1987).   It is axiomatic that by finding that non-mathematical factors were relevant to its determination on the instant motion, that the Court found that Plaintiff's claim against Defendant was neither "for a sum certain or for a sum which can by computation be made certain" as such requirements are defined by Rule 55(b)(1).  (*See* Doc. 6).   The Court properly noticed Plaintiff of such findings as well as of the scheduled hearing date more than three (3) days before such a hearing was to have taken place.  *Id.*   By failing to appear at the hearing on the instant motion for default judgment, the Court finds that Plaintiff failed to properly follow the procedure outlined in Rule 55(b)(2) for obtaining a default judgment.    Therefore, the Court cannot, and does not, grant default judgment in favor of Plaintiff.   Plaintiff's Motion for Default Judgment (Doc. 5) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this   21st    day of April, 2006

     /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**